IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| TRACEY HYMAN, on behalf of herself and others similarly-situated, § § § *Plaintiff,* § § § v. § § GS DALLAS LIMITED PARTNERSHIP, § SANJEEV KHANNA, & DAVID PEUGH § § *Defendants.* § § | CIVIL ACTION NO. 4:16-cv-00778 JURY DEMAND |

## COLLECTIVE ACTION COMPLAINT

Plaintiff TRACEY HYMAN, on behalf of herself and others similarly situated (hereinafter collectively "Plaintiffs"), by and through her counsel, files this Collective Action Complaint against Defendants GS Dallas, L.P., Sanjeev Khanna, and David Peugh (hereinafter "Defendants"), and seeks to recover for Defendants' violations of the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §§ 201 *et seq.*, and hereby states and alleges as follows:

### I.     INTRODUCTION

1. This is a collective action brought pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 (hereinafter the "FLSA"), by Plaintiff TRACEY HYMAN, on behalf of herself and all others similarly-situated, who were formerly or are currently employed as office clerks or store managers by Defendants. *See* 29 U.S.C. § 216(b).

2. Plaintiff TRACEY HYMAN ("Hyman") is one of a number of office clerks and store managers who are or were formerly employed by Defendants and whose compensation was improper under the FLSA because Defendants made unlawful deductions from their alleged

salaries. As their employer, the Defendants required and/or permitted Plaintiff and the other office clerks and store managers to routinely work in excess of forty (40) hours per week, but failed or refused to compensate them for such overtime hours worked in accordance with the FLSA. Specifically, Plaintiff and other office clerks and store managers were paid on an hourly basis, as evidenced by Defendants' payroll deductions, which demonstrate that these employees did not meet the salary basis test for FLSA exemption, and Defendants failed to compensate them at a rate of at least one-and-one-half times their regular hourly rate for hours worked in excess of 40 hours per week. Additionally, the office clerk employees were classified as exempt administrative employees although their primary duty did not include the exercise of discretion and independent judgment with respect to matters of significance. Such conduct by Defendants was a violation of the FLSA which requires non-exempt employees to be compensated for their overtime work at a rate of at least one-and-one-half times their regular hourly rate.  *See* 29 U.S.C. § 207(a).

3. Because the Plaintiff and similarly situated employees are non-exempt covered employees pursuant to the Fair Labor Standards Act and have not been paid pursuant to the wage and hour provisions of the Fair Labor Standards Act by the Defendants, Plaintiff brings this action on behalf of herself and all other similarly situated employees, seeking legal and equitable relief provided under the FLSA.

## II.   JURISDICTION

4. This Court has jurisdiction over the subject matter of this action pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331, 1337.

5. Venue is proper in the Eastern District of Texas under 28 U.S.C. § 1391(b)(1).

## III.   THE PARTIES

6. Plaintiff TRACEY HYMAN was at all material times one of a number of misclassified employees employed by Defendants. She presently resides in Texas and has been a resident of Texas during all material times. Finally, Plaintiff was, at all material times, a covered, non-exempt employee of Defendants within the meaning of the FLSA, 29 U.S.C. §§ 203(e), (g).

7. Defendant GS DALLAS, L.P. ("GS Dallas") is a Texas limited partnership with its principal place of business in Plano, Texas, and doing business in Dallas, Texas, which can be served with process by serving its registered agent: Sanjeev Khanna, 3020 Communications Pkwy, Suite 100, Plano, Texas 75093.

8. Defendant SANJEEV KHANNA ("Khanna") employed Plaintiff and other similarly situated employees and participated directly in employment decisions regarding the rights for which Plaintiff seeks redress in this case. Defendant Sanjeev Khanna can be served with process at 3020 Communications Pkwy, Suite 100, Plano, Texas 75093, or wherever he may be found.

9. Defendant DAVID PEUGH ("Peugh") employed Plaintiff and other similarly situated employees and participated directly in employment decisions regarding the rights for which Plaintiff seeks redress in this case. Defendant David Peugh can be served with process at 3020 Communications Pkwy, Suite 100, Plano, Texas 75093, or wherever he may be found.

## IV. COVERAGE

10. Defendants are an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(r) and (s).

11. At all material times, the Defendants have been an employer of the Plaintiff and numerous other similarly situated employees within the meaning of the FLSA, 29 U.S.C. § 203(d).

12. Defendants had, and continue to have, an annual gross income of sales made or business done of not less than $500,000. 29 U.S.C. § 203(s)(1).

13. At all material times, Plaintiff and all others similarly situated were individual non-exempt employees of the Defendants, who are covered by the FLSA because Defendants are a covered enterprise.

## V. GENERAL FACTUAL ALLEGATIONS

14. Defendant GS Dallas is a Texas limited partnership which owns and operates a number of Subway and Massage Envy stores in Texas.

15. Defendants Khanna and Peugh are officers of Defendant GS Dallas and participated directly in employment decisions regarding the rights for which Plaintiff seeks redress in this case.

16. Plaintiff, and all others similarly-situated, at all material times, worked for Defendants as non-exempt office clerks and store managers. Plaintiff and other misclassified employees were and are covered by the same policies promulgated by Defendants related to their duties, pay, and non-exempt status, among others.

17. Plaintiff worked for Defendants from February 2016 through May 2016 as a payroll clerk. Plaintiff worked in Defendants' corporate office alongside a number of non-exempt office clerks, including a receptionist, another payroll clerk, and several accounts payable clerks. None of these employees' primary duties involved the exercise of discretion and independent judgment with respect to matters of significance. These employees followed

established policies and procedures from which they could not deviate without prior approval and all of their work was overseen by their managers and all decisions were subject to the immediate direction of their managers.

18. Additionally, Defendants regularly deducted from the alleged "salary" they agreed to pay the non-exempt office clerks described above and the store managers assigned to each of their store-front locations. These deductions demonstrate that each of the office clerks and store managers was actually paid on an hourly basis and therefore was not exempt from the overtime requirements of the FLSA.

19. The Defendants employ a number of non-exempt office clerks and store managers and have the right to hire and fire each of them, supervise and control their work schedules and conditions of employment, including but not limited to the number of hours that they work, have promulgated policies whereby these non-exempt employees are not compensated for hours worked in excess of 40 hours per week at a rate of at least one-and-one-half times their regular hourly rate, and are obligated pursuant to the FLSA to maintain the records for the non-exempt employees' employment including, but not limited to, pay records.

20. Plaintiff and each of the non-exempt office clerks and store managers regularly work and worked in excess of forty hours per week without overtime compensation at the rate of time and one-half their regular rate for hours worked in excess of forty hours per week. Specifically, Plaintiff and each of the non-exempt employees were paid an alleged salary from which Defendants would deduct for hours worked below forty hours per week, while refusing to compensate these non-exempt employees for hours worked in excess of forty hours per week. Such conduct by Defendants is a violation of the FLSA which requires non-exempt employees to

be compensated for their overtime work at a rate of at least one-and-one-half times their regular hourly rate. *See* 29 U.S.C. § 207(a).

21. Defendants continued their unlawful payment practices and refused to compensated Plaintiff and other similarly situated employees for their overtime worked even after Plaintiff advised Defendants that their payroll deductions were unlawful, their employees were misclassified, and the affected employees were entitled to overtime compensation pursuant to the FLSA.

22. For at least three (3) years prior to filing this Complaint (hereinafter the "Liability Period"), Defendants had a policy and practice of not correctly compensating their non-exempt employees for work performed for the benefit of Defendants over and above forty (40) hours per week as required under the provisions of the FLSA.

## VI. COLLECTIVE ACTION ALLEGATIONS

23. Paragraphs 1-22 are incorporated herein as if set forth in full.

24. Plaintiff (the "Collective Action Representative") brings this FLSA claim, as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) (the "Collective Action"). In addition to the claims of the individually named Plaintiff, Plaintiff brings this action as the representative of all similarly-situated former and current employees of the Defendant. The potential class of "opt-in" employees can be defined as:

> *All employees currently or formerly employed by Defendants since September ___, 2013, who were paid under a compensation system where they were not compensated for all hours worked or related overtime at the rate of time and one half for all hours worked over forty (40) in a given workweek despite Defendants' policy and practice of deducting from their alleged salaries for hours worked below forty (40) in a given workweek.*

25. This potential class of "opt-in" employees includes a subclass which can be defined as follows:

> *All office clerks currently or formerly employed by Defendants since September \_\_\_, 2013, who were classified as exempt administrative employees although their primary duty did not include the exercise of discretion and independent judgment with respect to matters of significance and were not compensated for all hours worked or related overtime at the rate of time and one half for all hours worked over forty (40) in a given workweek.*

26. FLSA claims may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

27. Plaintiff, individually and on behalf of other similarly-situated employees, seeks relief on a collective basis challenging, among other FLSA violations, Defendants' practice of failing or refusing to compensate their employees at a rate of at least one and one-half times their regular hourly rate for all hours worked in excess of forty hours in a given week.

28. The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from the records of Defendants, and potential class members may be easily and quickly notified of the pendency of this action.

29. Potential Collective Action members may be informed of the pendency of this collective action through direct mail and office posting.  Plaintiff, who processed Defendants' payroll, is aware of current and former employees of the Defendants that have been affected.

30. There are questions of fact and law common to the class that predominate over any questions affecting only individual members.  The questions of law and fact common to the class arising from Defendants' actions include, without limitation, the following:

    (a) Whether Plaintiffs were compensated for all hours worked;

    (b) Whether Plaintiffs worked more than forty (40) hours per week;

    (c) Whether Plaintiffs were compensated at time-and-one-half their "regular rate" for all hours worked over forty in any and all weeks;

  (d)  Whether Defendants' practices accurately account for the time Plaintiffs actually were working;

  (e)  Whether Defendants' compensation policy and practice is illegal; and

  (f)  Whether Defendants had a policy and practice of willfully failing to compensate employees for overtime.

  31.  The questions set forth above predominate over any questions affecting only individual persons, and a collective action is superior, with respect to considerations of consistency, economy, efficiency, fairness, and equity, to other available methods for the fair and efficient adjudication of the federal law claims.

  32.  The Collective Action Representative's claims are typical of those of the similarly-situated employees in that these employees have been employed in the same or similar positions as the Collective Action Representative and were subject to the same or similar unlawful practices as the Collective Action Representative.

  33.  A collective action is the appropriate method for the fair and efficient adjudication of this controversy.  Defendants have acted or refused to act on grounds generally applicable to the similarly-situated current and former employees.  The presentation of separate actions by individual similarly-situated current or former employees could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants, and/or substantially impair or impede the ability of Collective Action members to protect their interests.

  34.  The Collective Action Representative is an adequate representative of similarly-situated current and former employees because she is a former employee of the same entity and her interests do not conflict with the interests of the other similarly-situated current and former employees she seeks to represent.  This is so because the Collective Action Representative worked for the Defendants and worked the hours which are the subject of this complaint and

further is personally aware of the facts underlying this matter. The interests of the members of the class of employees will be fairly and adequately protected by the Collective Action Representative and her undersigned counsel.

35. Maintenance of this action as a collective action is a fair and efficient method for the adjudication of this controversy. It would be impracticable and undesirable for each member of the collective action who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications. On the other hand, a single collective action can determine, with judicial economy, the rights of all collective action members.

## VII.   COUNT I
### (Violation of FLSA, 29 U.S.C. § 207(a))

36. Paragraphs 1-35 are incorporated herein as if set forth in full.

37. At all material times, Plaintiff was an employee of Defendants.

38. At all material times, Defendants, as more fully set forth above, required and/or permitted Plaintiff to work in excess of forty (40) hours per week, but refused to compensate her for all such hours.

39. Such conduct by Defendants was a violation of the FLSA which requires non-exempt employees to be compensated for their overtime work at a rate of at least one and one-half times their regular hourly rate. *See* 29 U.S.C. § 207(a).

40. Accordingly, Plaintiff and all persons similarly-situated have been deprived of overtime compensation in amounts to be determined at trial.

41. Further, Plaintiff and all persons similarly-situated are entitled to recovery of liquidated damages, and other fees and expenses including, without limitation, costs of court, expenses, and attorneys' fees. *See* 29 U.S.C. § 216(b).

42. Finally, the claims in the action are subject to a three year statute of limitations as opposed to two because the violations of the FLSA by the Defendant were willful. Specifically, the Defendant had actual knowledge of the FLSA and knew that the Plaintiffs are and were non-exempt employees and are therefore entitled to the payment of overtime for all hours worked beyond forty (40) per week. 29 U.S.C. § 255.

## PRAYER FOR RELIEF

(a) at the earliest possible time, issue an Order allowing Notice or issue such Court supervised Notice to all similarly-situated current and former employees of Defendants, as described above, of this action and their rights to participate in this action. Such Notice shall inform all similarly-situated current and qualified former employees of the pendency of this action, the nature of this action, and of their right to "opt in" to this action if they did not receive proper overtime compensation for hours worked in excess of forty (40) in a week;

(b) issue an Order directing and requiring Defendants to pay Plaintiff and all other similarly-situated employees damages in the form of reimbursement for unpaid premium overtime wages (past and future) for all time spent in excess of forty (40) hours per week performing compensable work for which they were not paid pursuant to the rate provided by the FLSA;

(c) issue an Order directing and requiring Defendants to pay Plaintiff and all other similarly-situated employees liquidated damages pursuant to the FLSA in an amount equal to, and in addition to the amount of overtimes wages owed to them;

(d) issue an Order directing Defendants to reimburse Plaintiff and other similarly-situated employees for the costs of court, expenses, and attorneys' fees expended in the course of litigating this action, with pre-judgment and post-judgment interest; and

(e) issue an Order declaring Defendants' overtime practices to be illegal and directing Defendants to comply with the FLSA;

(f) issue an Order for injunctive relief ordering the Defendants to end all of the illegal wage practices alleged herein pursuant to the FLSA; and

(g) provide Plaintiff and all other similarly-situated employees with such other and further relief as the Court deems just and proper.

## VIII. DEMAND FOR JURY TRIAL

Plaintiff hereby requests trial by jury of all issues triable by jury under Texas and Federal law.

Respectfully submitted,

By: /s/ Charles W. Branham,III
    Charles W. Branham, III
    Texas Bar No. 24012323
    Corinna Chandler (of counsel)
    Texas Bar No. 24061272
    DEAN OMAR & BRANHAM, LLP
    3900 Elm Street
    Dallas, Texas 75226
    214-722-5990
    214-722-5991 (fax)
    tbranham@dobllp.com
    cchandler@dobllp.com

**ATTORNEYS FOR PLAINTIFFS**